FILED

DEC 05 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| SAUL BARRIOS PEREZ, | ) Case No. C 13-4116 PSG (PR) |
|---|---|
| Plaintiff, | ) **ORDER OF SERVICE AND** |
| | ) **DIRECTING DEFENDANTS TO** |
| v. | ) **FILE DISPOSITIVE MOTION** |
| | ) **OR NOTICE THAT SUCH** |
| G.D. LEWIS, et al., | ) **MOTION IS UNWARRANTED** |
| Defendants. | ) |

Saul Barrios Perez, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated below, the court dismisses several defendants, and serves the complaint on the remaining defendants.

### DISCUSSION

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.[1] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

---

[1] *See* 28 U.S.C. § 1915A(a).

Case No. C 13-4116 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION
OR NOTICE THAT SUCH MOTION IS UNWARRANTED

defendant who is immune from such relief.[2] *Pro se* pleadings must, however, be liberally construed.[3]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[4]

B.  Plaintiff's Claims

Perez claims that on October 29, 2009, Sergeant M.L. Thomas initiated a physical assault upon him. Perez alleges that IGI Lieutenant Hatton, Correctional Sergeant E. Parson, Correctional Officer Hamilton, Correctional Officer J. Makela, Correctional Officer M. Mendez, Correctional Officer J. Ramirez, Correctional Officer R. Rivera, and Correctional Officer C. Wilson assisted Thomas by wrestling Perez to the ground and choking him. Perez states that these defendants "dogpiled," choked, handcuffed, punched, kicked, kneed, and elbowed him in his face and body. Perez suffered injuries to his eye, lacerations and swelling on his face, and various other cuts, bruising, and scratches. Liberally construed, Perez has stated a cognizable claim of excessive force.

Perez also alleges that, sometime thereafter, Lieutenant R. Parin called him derogatory names and threatened to kill him. However, allegations of verbal harassment or threats fail to state a claim cognizable under 42 U.S.C. § 1983.[5] Thus, Lieutenant R. Parin is DISMISSED.

Perez then claims that he was then transferred to Correctional Training Facility in Soledad, where Correctional Officer John Temblador attempted to assault Perez. When Perez

---

[2] *See* 28 U.S.C. § 1915A(b)(1), (2).

[3] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[4] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[5] *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

Case No. C 13-4116 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS UNWARRANTED
2

defended himself, Perez was charged with serious bodily injury by Monterey County Deputy District Attorney Angela McNulty. However, there is no allegation that Temblador deprived Perez of a basic necessity such as food, clothing, shelter, sanitation, medical care and personal safety.[6] An attempted assault under these facts does not result in any deprivation to Perez.[7] Thus, Temblador is DISMISSED. Perez also alleges that McNulty filed "trumped up" charges against Perez and Perez was ultimately acquitted of both charges. Perez asserts that McNulty prosecuted Perez under false pretenses and maliciously prosecuted him. However, prosecutorial immunity protects a prosecutor for "[her] decision to initiate a prosecution."[8] Accordingly, McNulty is DISMISSED.

The remainder of Perez's complaint discusses the difficulties that Perez has experienced with the administrative appeals process. However, there is no constitutional right to a prison administrative appeal or grievance system.[9] Therefore, to the extent Perez is making such a claim it is DISMISSED.

Finally, Defendants G.D. Lewis, A. Solis, Reies, Jewett, and Rodriguez are DISMISSED because Perez does not allege that they actually or proximately caused the deprivation of a federally protected right.[10]

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1.   Defendants Parin, Temblador, McNulty, Lewis, Solis, Reies, Jewett, and

---

[6] *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

[7] *See, e.g., Frazier v. Daniels*, 2010 WL 2040763, * 5 (E.D. Pa. May 20, 2010) ("[Defendant's attempted assault did not result in any deprivation to [p]laintiff and thus is not a violation of the Eighth Amendment.").

[8] *Heinemann v. Satterberg*, 731 F.3d 914, 918 (9th Cir. 2013), quoting *Imbler v. Pachtman*, 424 U.S. 409, 421-24 (1976).

[9] *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

[10] *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Case No. C 13-4116 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS UNWARRANTED

3

Rodriguez are DISMISSED.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (Docket No. 1), a Magistrate Judge consent form, and a copy of this order to **Sergeant M.L. Thomas, IGI Lieutenant Hatton, Correctional Sergeant E. Parsons, Correctional Officer Hamilton - ISU Squad #10, Correctional Officer J. Makela, Correctional Officer M. Mendez - ISU Squad #2, Correctional Officer J. Ramirez- ISU Squad #6, Correctional Officer R. Rivera - ISU Squad #3, and Correctional Officer C. Wilson - ISU Squad #4** at **Salinas Valley State Prison**.

The Clerk also shall mail a courtesy copy of the complaint and a copy of this order to the California Attorney General's Office. Additionally, the Clerk shall mail a copy of this order to Plaintiff.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

Case No. C 13-4116 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS UNWARRANTED
4

4. No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint. At that time, Defendants shall also submit the Magistrate Judge's consent form.

   a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.</u>**

5. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

6. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

8. All communications by the plaintiff with the court must be served on Defendants or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

Case No. C 13-4116 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS UNWARRANTED

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 12-5-13

PAUL S. GREWAL
United States Magistrate Judge

Case No. C 13-4116 PSG (PR)
ORDER OF SERVICE AND DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS UNWARRANTED