FILED

MAR 14 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAUL BARRIOS PEREZ,

   Plaintiff,

v.

G.D. LEWIS, et al.,

   Defendants.

Case No. C 13-4116 PSG (PR)

**ORDER DIRECTING PLAINTIFF TO FILE NOTICE PROVIDING MORE INFORMATION ABOUT IDENTITY AND WHEREABOUTS OF DEFENDANT R. RIVERA**

(Re: Docket No. 26)

  Saul Barrios Perez, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On December 5, 2013, the court issued an order dismissing several defendants and ordering the remaining defendants, which included R. Rivera, to be served with Perez's complaint. On January 31, 2014, Salinas Valley State Prison ("SVSP") Litigation Coordinator G. Lopez sent a letter to the court indicating that there were no records of a R. Rivera working at SVSP but that during the time referenced in Perez's complaint there was a P. Rivera working at SVSP who is currently working at Correctional Training Facility ("CTF"). Defendant R. Rivera is the only defendant who has not been served.

  Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate

Case No. C 13-4116 PSG (PR)
ORDER DIRECTING PLAINTIFF TO FILE NOTICE PROVIDING MORE INFORMATION
ABOUT IDENTITY AND WHEREABOUTS OF DEFENDANT R. RIVERA

defendant and attempt to remedy any apparent defects of which [he] has knowledge."[1] Here, Perez's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," claims against unserved defendants are subject to dismissal without prejudice.[2]

Because Perez has not provided sufficient information to allow the Marshal to locate and serve defendant R. Rivera, he must remedy the situation or face dismissal of his claims against this defendant without prejudice.[3] Accordingly, Perez must file notice and provide the court with an accurate information about the identity and whereabouts of defendant R. Rivera such that the Marshal is able to effect service. If Perez fails to do so **within thirty (30) days** of the date this order is filed, his claims against this defendant will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 3.14.14

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[1] *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

[2] *See* Fed. R. Civ. P. 4(m).

[3] *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Case No. C 13-4116 PSG (PR)
ORDER DIRECTING PLAINTIFF TO FILE NOTICE PROVIDING MORE INFORMATION ABOUT IDENTITY AND WHEREABOUTS OF DEFENDANT R. RIVERA
2